## In Re: Estate of Benjamin J. Lutz

*Robert D. O'Connor, Jr.*, for guardian.
*Larry E. Coploff*, for Executor.

BROWN, *P.J.*, December 10, 1982—

### ISSUES

(1) Whether it is advisable for petitioner as guardian of Mary G. Lutz, an incompetent, to elect against the will of her deceased husband pursuant to 20 Pa.C.S.A. §2206?

### FACTS

(1) Petitioner is the court appointed guardian of the estate of Mary G. Lutz, an incompetent. She is 86 years of age and has resided since 1978 at the United Methodist Home in Lewisburg, Pa. at a current monthly cost of $1,166.

(2) Respondent is the executor of the last will and testament of Benjamin J. Lutz, deceased, who died on April 27, 1982, leaving a last will and testament dated October 2, 1979 which was duly probated in Clinton County on May 3, 1982.

(3) Mr. and Mrs. Lutz were married at the time of his death, but his probated will completely excludes her as a beneficiary of his estate.

(4) The gross estate of Benjamin L. Lutz amounts to $57,605 with debts of $7,912.39 leaving a net estate of $49,692.61.

(5) If petitioner is permitted to elect against the will of Benjamin J. Lutz, his ward has certain assets that were jointly owned with her late husband. The gross value of these is approximately $13,000 (less approximately $950 in debts). These assets would be included in the elective assets pursuant to 20 Pa.C.S.A. §2204(a)(8), thus making the total value of the property against which the election may be made either $61,742.61 or $62,692.61.

(6) The value of the election would thus be either $20,580.87 or $20,897.54. After taking into account the value of the jointly owned property which Mary Lutz now has, the net value of the election would be either $8,580.87 or $7,897.54.

(7) Without the election Mary G. Lutz would have total assets of approximately $14,340. With the election she would have total assets of $22,237.54 or $22,920.87.

(8) Mary G. Lutz currently receives a monthly income of $560.72 under the Railroad Retirement Act.

(9) Mary G. Lutz executed a last will and testament under date of November 29, 1975 which is in petitioner's possession. While not identical to her late husband's will, her will is similar to his with regard to the identities of certain individual and charitable legatees.

## DISCUSSION AND CONCLUSIONS OF LAW

The present petition was filed on October 13, 1982. In view of the fact that the time limit for

exercising the spousal election in this matter was due to expire on November 3, 1982 in accordance with 20 Pa.C.S.A. §2210(b), petitioner has asked the court not only to approve the election but also to approve an extension of time for taking the election.

Since the spousal election is being disputed by the executor of Mr. Lutz's estate, the court will grant the extension of time in order to allow a thorough review of the parties' respective positions. The court has not received any objection from the executor to granting an extension.

The right of petitioner's ward to elect against the will of her deceased husband is regulated by 20 Pa.C.S.A. §2206 which provides:

The right of election of the surviving spouse may be exercised only during his lifetime by him. In the case of a minor or an incompetent spouse, the right of election may be exercised in whole or in part only by the spouse's guardian upon order of the Court having jurisdiction of the minor's or the incompetent's estate, after finding that exercise of the right is advisable.

The executor's primary opposition to the advisability of the election emanates from the incompetent's current status of residing in a nursing home and having an inadequate income to meet the expenses of such an upkeep. In this regard, it is to be noted that petitioner's Railroad Retirement Act Benefits of $560.72 per month leaves her a shortage of approximately $600 against the monthly charge at the United Methodist Home. In addition, it would have to be assumed that the incompetent would also be in need of certain miscellaneous funds for her own personal expenses over and above the monthly home charge. To the extent the incompe-

tent would be unable to meet her expenses at the home, the court has been advised that the Department of Public Welfare would provide such funds and in fact has been providing them.

However, the Department has certain regulations concerning assets and eligibility for public funds for this purpose. Petitioner has pointed out the following regulation set forth at 55 Pa. Code §177.23(a)(3):

The eligibility of any person who has a claim or legal right to any real or personal property, or any benefit or award, will be dependent upon his agreement, or the agreement of the person authorized to act for him, to apply for the resource and make it available for his use or for reimbursement . . .

Thus, it is petitioner's position that he is legally obligated to pursue his ward's claim in electing against the will of her late husband so that she can continue her eligibility for assistance from the Department of Public Welfare.

Against this background, the executor argues initially that since Mrs. Lutz's will is similar in many respects to the will of Mr. Lutz, that the court's approval of the election simply means that additional assets will be available for payment of her nursing home fees whereas if these funds were not made available, the Commonwealth would become obligated to make these payments. The executor therefore argues that by denying the election, the court would be partially effectuating the intent of the incompetent as to her testamentary heirs. This would be accomplished by not siphoning off funds from Mr. Lutz's estate for the election, thus having more assets available for distribution to, among others, their common heirs. As previ-

ously discussed, the amount of money involved which would be removed from Mr. Lutz's estate is in the range of $7,897.54 to $8,580.87.

There are no reported cases dealing with the question of what is needed to support a finding that the exercise of the spousal election is advisable. While the executor's concern with benefitting the incompetent's testamentary heirs is appropriate, its position inescapably assumes the premise that these private legatees should benefit at public expense. To the extent she is deprived of her right to elect against the will, the public will be required to maintain her. This may be advisable from her heirs' standpoint, but the court is not convinced that it is advisable from her standpoint.

If Mrs. Lutz were competent, she would have no choice but to elect against her husband's will if she wished to satisfy the eligibility requirements of 55 Pa. Code §177.23(a)(3). Should the fact that she is incompetent insulate her from this requirement? Probably not, if the only rationale is to benefit her private heirs. In this context the standard of advisability under 20 Pa.C.S.A. §2206 ought to be at least limited by parameters of the public interest. A scheme which will result in private benefit at public cost is at least questionable in the absence of some benefit to the public.

The executor's argument also assumes that Mrs. Lutz will outlive her assets and thereby consume them as a part of her upkeep. Considering her age, this assumption is questionable. Her own will, while somewhat identical to that of Mr. Lutz, is also dissimilar in providing for additional heirs as well as additional amounts of money for certain common legatees. In the event her will became operative while she had a probatable estate, the executor's argument could work to the prejudice of

Mrs. Lutz's heirs. Thus, in this respect the court in denying her right to elect against the will could well be deciding to favor her husband's legatees over hers. What the ultimate result will be, no one knows. However, this conclusion serves to illustrate the speculative nature of the executor's position.

Finally, it seems to be implicit in the executor's position that once the incompetent has exhausted her existing assets that the Commonwealth will thereafter adequately provide for her needs. While this may be true as to her costs of room and board at the home, there may be other incidentals to her maintenance and support which her guardian may deem it advisable for her to have but for which benefits may not be available.

Accordingly, the court concludes that it is advisable for petitioner to elect against Mr. Lutz's will on behalf of his ward. Since the length of her future existence as well as her material needs are uncertain it is prudent for her estate to be as large as possible to provide for these contingencies notwithstanding the availability of public assistance benefits. The interests of any heirs are deemed to be secondary to those of the incompetent.

## DECREE NISI

And now, December 10, 1982, based upon the foregoing adjudication, it is hereby ordered and decreed as follows:

(1) That petitioner be permitted to elect against the Will of Benjamin J. Lutz, deceased, on behalf of Mary G. Lutz, an incompetent, pursuant to 20 Pa.C.S.A. §2206.

(2) That petitioner be given an extension of time through December 31, 1982 to make the aforesaid election.